The Honorable L.L. "Doc" Bryan State Representative 305 South VanCouver Russellville, AR 72801
Dear Representative Bryan:
This is in response to your request for an opinion involving a particular proposed ordinance of Pope County (copy enclosed). The ordinance is entitled:
 BE IT ENACTED BY THE QUORUM COURT OF THE COUNTY OF POPE, STATE OF ARKANSAS: AN ORDINANCE TO CREATE A FORM DOCUMENT OF AN AFFIDAVIT NATURE TO BE USED IN THE OFFICE OF CIRCUIT CLERK, POPE COUNTY, ARKANSAS, TO ESTABLISH A TRUE VALUE OF REAL PROPERTY IN THE RECORDING OF DEEDS.
You have asked, specifically, as to the legality and constitutionality of this proposed ordinance.
This ordinance would create a document in affidavit form which could be maintained by the County Assessor in connection with assessment records. The form would contain information relating to real property transactions, including the true purchase price of the property.
While it is my opinion that the county may properly provide for the optional filing of such a form (the ordinance does not appear to mandate the filing), several specific aspects of the ordinance must be mentioned.
The general power to create a form of this nature may be premised upon the county's "local legislative authority", which includes the power to "(p)rovide for any service or performance of any function relating to county affairs" and to "(e)xercise other powers, not inconsistent with law, necessary for effective administration of authorized services and functions." A.C.A.14-14-801(b)(10) and (13). We cannot conclude in this instance that the creation of such a form is inconsistent with state law. Arkansas Code Annotated 14-14-802(a) requires, moreover, that the county provide for certain "necessary services," including "(r)eal and personal property tax administration, including assessments, collection, and custody of tax proceeds." A.C.A. 14-14-802(a)(3).
It must be recognized, however, that this form cannot be required as a prerequisite to the filing of a deed. The recordation of deeds is governed by state law (A.C.A. 26-60-101, et seq.), and this body of law reflects no such requirement.
Part 7 of Section 2 of the proposed ordinance should also be noted, wherein reference is made to a signature "of the person recording the deed and attesting to the sale price." The signature would be made under a stamped impression reading: "I certify under penalty of false swearing that at least the legally correct amount of documentary stamps have been placed (sic) on this instrument." Read literally, this provision appears to envision the placing of stamps on the form created under the ordinance. The stamps are, of course, placed upon the deed, and not this form. (See, A.C.A. 26-60-110). The provision should therefore be clarified.
Final mention should be made of Section 3 of this ordinance. I am concerned that this section may be construed as authorizing the Circuit Clerk to suggest that the State Revenue Office's auditing decision is somehow related to the filing, or lack thereof, of this form. The Quorum Court's authority with regard to "local matters" does not, in my opinion, extend this far. It should be clear that the auditing procedures of State Revenue are unrelated to this form, and that penalties assessed by the State in connection with deed filings are not applicable in relation to this form. Section 3 may be successfully challenged due to the ambiguities inherent wherein it states: "Any person refusing to complete the form in the Circuit Clerk's office should be advised that the deed to which the form applies is subject to be audited by the Arkansas State Revenue Office and any penalties assessed by that office will be applicable."
It is therefore my opinion, in conclusion, that this proposed ordinance is not illegal or unconstitutional, so long as it is construed with the concerns raised herein in mind. Consideration of the practical merits or demerits of such an ordinance is not, however, within the proper scope of an opinion. That is a matter to be considered and decided by the Quorum Court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.